UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WAYNE THOMPSON,<br>          Plaintiff,<br><br>   v.<br><br>GUY GLODIS, et al.,<br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)   **CIVIL ACTION**<br>)   **NO. 10-40126-TSH**<br>)<br>)<br>) |

## ORDER

### May 31, 2013

HENNESSY, M.J.

Plaintiff Wayne Thompson, moving *pro se*, seeks an order imposing sanctions on Defendants Guy W. Glodis and Michael Landgren (hereinafter "Defendants"). Plaintiff claims that Defendants failed to serve a timely written answer to his request for admissions, (Docket #69), and seeks, as a sanction, that Plaintiff's request for admissions be deemed admitted.

I.    BACKGROUND

Plaintiff filed the present motion on February 22, 2013. In his motion, Plaintiff asserts that he served a request for admissions on Defendants on November 17, 2012. Plaintiff states that he attempted to provide Defendants with an opportunity to "make good" on the request for admissions on January 23, 2013, and that on February 5, 2013, Defense counsel responded by declaring that he never received a request for admissions from Plaintiff.

Defendants filed an opposition to the motion on March 7, 2013. (Docket #70). Defendants state that Plaintiff served his request for admissions on February 14, 2013, and

Defendants responded to that request on February 25, 2013. The opposition was signed by Defendants' attorney, Andrew J. Abdella. Defendants attached as Exhibit 1 to their opposition a copy of their answers to the request for admissions, which was signed by Abdella.

II.     DISCUSSION

Pursuant to Fed. R. Civ. P. 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)[.]" Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Defendants assert that they did not receive the request for admissions until February 14, 2013. The Court accepts this assertion.[1] The record shows that Defendants responded to the request within thirty days of that date. The Court deems Defendants to have timely, and therefore properly, answered Plaintiff's request for admissions.

However, even were the Court to find that Defendants failed to timely serve a written answer or objection to the request for admissions, Fed. R. Civ. P. 36(b) authorizes the court to allow a party to withdraw or amend its admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Here, treating an arguably untimely answer to the request as a motion to withdraw or amend, the merits of the case would clearly suffer should the Court deny such a motion. Given that Defendants responded to the request within three days of Plaintiff filing the motion and also that Plaintiff fails to cite any prejudice he

---

[1] The Court notes that Defendants' attorney is bound by Massachusetts Rule of Professional Conduct 3.3(a)(1) which states, "A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal[.]"

has suffered as a result of the arguably late answer, the Court would exercise its discretion under Rule 36(b) to allow Defendants to withdraw or amend those admissions.

III.     CONCLUSION

For the foregoing reasons, the Motion for Sanctions (Docket #69) is DENIED.

/S/ David H. Hennessy
DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE