**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| WAYNE THOMPSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 10-40126-TSH** |
| GUY GLODIS, et al., | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

**July 15, 2013**

Hennessy, M.J.

Plaintiff Wayne Thompson, moving *pro se*, seeks an order appointing an investigator to obtain the address of Defendant Hall and to assist Plaintiff in serving said Defendant. (Docket #79).

I.    BACKGROUND

Plaintiff filed the present motion on May 23, 2013. Defendants have not filed a response. In his motion, Plaintiff states that it is a follow-up to a previously submitted motion, filed on or about March 7, 2013, and the present motion makes reference to matters discussed in the March 7, 2013 motion. However, a review of the record reveals that no motion was filed on or about that date. The Court believes that Plaintiff is referencing his Motion for Court Intervention to Compel (docket #51) filed on November 19, 2012. In the relevant portions of that motion, Plaintiff sought the appointment of an investigator to locate Defendant Hall, who Plaintiff states is no longer employed at the Worcester County Sheriff's Office. (Id. at 2).

Magistrate Judge Boal denied this motion without prejudice on February 14, 2013 (docket #63), following a scheduling conference held on February 13, 2013 (docket #62).  In her ruling on the motion, Magistrate Judge Boal ordered Defendants to file a status report stating whether Andrew Abdella, counsel for Defendants Guy Glodis and Michael Landgren, would represent Hall and accept service of the amended complaint on his behalf.  (Docket #63).  On February 22, 2013, Abdella filed a status report stating that he had spoken with Defendant Hall who indicated that he did not wish Abdella to represent him at that time and that he did not authorize Abdella to accept service on his behalf.  (Docket #67).

II.     DISCUSSION

"At the plaintiff's request, the court may order that service be made by a United States marshal[.]"[1]  Fed. R. Civ. P. 4(c)(3).  However, in order to execute service, the Marshal will need more information than Plaintiff is capable of providing.  Defendant Hall no longer works at the Worcester County Sheriff's Office and Plaintiff has no reasonable way of otherwise serving him with process.  See Richardson v. Johnson, 58 F.3d 734, 739-40 (11th Cir. 2010) ("It is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison."); Fed. R. Civ. P. 4(e); Mass. R. Civ. P. 4(d)(1).  Under the circumstances, the only practical method of serving Defendant Hall is for the Marshals Service to deliver the summons to his last known home address.  Mass. R. Civ. P. 4(d)(1).  However, under Mass. Gen. Laws ch. 66, § 10 and ch. 4, § 7 cl. 26(o), Defendant Hall's home address is not subject to public disclosure.

---

[1] Plaintiff filed his Amended Complaint on July 25, 2011.  (Docket #33).  No motion to dismiss for lack of timely service or motion to extend time to serve has been filed, although it has been more than 120 days since Plaintiff filed his Amended Complaint and Defendant Hall has yet to be served.  See Fed. R. Civ. P. 4(m).  However, the Court has discretion to extend the period for service of process when a plaintiff shows "good cause" for the failure to serve. Id.  Plaintiff filed his Motion for Court Intervention to Compel on November 19, 2012, within 120 days of filing his Amended Complaint.  Considering this and the difficulty an inmate would have in investigating a defendant's whereabouts, there is good cause for failing to serve Defendant Hall, and Plaintiff will be granted a reasonable amount of time to attempt service.

With this framework in mind, the Court shall seek to balance the two competing interests in prisoner litigation – the security risks involved in informing prisoners of the home addresses of former or current guards, and the ability of prisoners to have access to the necessary information to pursue their claims in court.  See Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990).  Accordingly, the Court directs the Worcester County Sheriff's Office to submit to the Court, *ex parte* and under seal, the last known home address of Defendant Hall.  The Court will complete the service forms and will provide them, along with copies of the Amended Complaint, directly to the U.S. Marshal.

III.   CONCLUSION

For the foregoing reasons,

1.   The period for service of process is extended until 60 days from the date of this Order;

2.   Within 21 days of the date of this Order, the Worcester County Sheriff's Department shall submit, *ex parte* and under seal, the last known address at which Defendant Hall may be personally served;

3.   Upon the submission by the Worcester County Sheriff's Office of Defendant Hall's last known address, the Clerk shall issue summons as to Defendant Hall and shall arrange for service by the United States Marshal who shall file a return receipt of service without disclosing the address.  The Clerk shall provide a copy of this Order to the Marshal, and shall otherwise communicate directly with the Marshal to ensure that Defendant Hall's address is not publicly disclosed.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE