# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

<table>
<tr><td>WAYNE THOMPSON,</td><td>)</td><td></td></tr>
<tr><td style="padding-left:3em">Plaintiff,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td style="padding-left:2em">v.</td><td>)</td><td>**CIVIL ACTION**</td></tr>
<tr><td></td><td>)</td><td>**NO. 10-40126-TSH**</td></tr>
<tr><td>GUY GLODIS, et al.,</td><td>)</td><td></td></tr>
<tr><td style="padding-left:3em">Defendants.</td><td>)</td><td></td></tr>
</table>

## MEMORANDUM AND ORDER ON
## MOTION TO AMEND COMPLAINT

**October 2, 2013**

Hennessy, M.J.

Plaintiff Wayne Thompson, moving *pro se*, moves to amend his Complaint to name an individual whose identity was unknown to him at the time he filed his original Complaint and Amended Complaint and, therefore, was referred to as "John Doe" in the pleadings. (Docket #86). Thompson seeks to amend the Complaint to substitute Correctional Officer Beckman in place of "John Doe." For the reasons that follow, Thompson's motion is ALLOWED.

## I.      BACKGROUND

Thompson filed his initial Complaint on July 2, 2010. (Docket #1). On July 25, 2011, Thompson filed an Amended Complaint. (Docket #33). Thompson contends that Massachusetts prison and state officials conspired to injure him and deny him medical treatment while he was incarcerated at the Worcester County Sheriff's Office from March 15, 2010 to April 26, 2010. Pursuant to 42 U.S.C. § 1983, Thompson has asserted violations of the Eighth and Fourteenth

Amendments to the United States Constitution against Worcester County, the Sheriff of Worcester County, and various prison officials, including "Corr. Officer (John Doe)."

On December 28, 2010, Thompson filed a motion to compel the defendants to provide him with the name of the John Doe defendant. (Docket #22). The Court denied the motion without prejudice, stating that the motion was premature as discovery had not yet begun in the case. (Docket #30 at 7). On August 6, 2012, the Court reiterated that Thompson may, through the discovery process, obtain the proper name of the John Doe defendant. Thompson filed a subsequent motion to compel the defendants to provide him with the name of the John Doe defendant on November 19, 2012. (Docket #51). The Court denied the motion without prejudice. (Docket #63). Thompson was order to send a request to defense counsel by February 27, 2013 regarding any additional individual he sought to add as a defendant. (Id.). Defense counsel was ordered to respond to this request by March 13, 2013. (Id.). Pursuant to the Court's scheduling order of February 14, 2013, all discovery, other than expert discovery, shall be completed by October 11, 2013. (Docket #64). Thompson filed the instant motion on August 9, 2013.

II.    DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend a pleading] when justice so requires." A motion to amend should be granted unless it is apparent that it would be futile or reward undue or intended delay. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). Where, as here, leave to amend is sought prior to the completion of discovery and the filing of motions for summary judgment, the standard for futility is whether the complaint as amended would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hatch v. Dep't for Children, 274 F.3d 12, 19 (1st Cir. 2001).

Because 42 U.S.C. § 1983 does not contain a built-in statute of limitations, a federal court hearing such an action must borrow the forum state's general statute of limitations for personal injury actions.  <u>Centro Medico del Turabo, Inc. v. Feliciano de Melecio</u>, 406 F.3d 1, 6 (1st Cir. 2005).  In Massachusetts, personal injury actions must be filed within three years of the accrual of the cause of action.  Mass. Gen. L. ch. 260, § 2A.  Because Thompson's cause of action accrued by April 26, 2010, when his alleged injuries occurred, the limitations period expired in this case on April 26, 2013, prior to the date he filed the instant motion.  Therefore, unless the proposed amendment relates back to the original filing date, or a basis exists to equitably toll the statute of limitations, Thompson's claim against Correctional Officer Beckman is time-barred, and granting the instant motion would be futile.

A.      Relation Back Under Federal Rule of Civil Procedure 15(c)

Rule 15(c) of the Federal Rules of Civil Procedure provides that some amendments may relate back to the original filing date if certain conditions are met, thus avoiding a statute of limitations bar.  Rule 15 permits the relation back of an amendment that changes the party or the naming of the party against whom a claim is asserted, provided that the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading and, within the time period provided by Federal Rule of Civil Procedure 4(m) for serving the summons and complaint, the party to be brought in:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Although the First Circuit has yet to expressly address the issue of whether or not amendments naming John Doe defendants whose identities are unknown at the time of the filing of the complaint relate back under Rule 15(c)(1)(C), the majority of the circuit courts that have done so have found that such amendments do not relate back.  See Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995), amended by 74 F.3d 1366 (2d Cir. 1996); Jacobsen v. Osborne, 133 F.3d 315, 320-21 (5th Cir. 1998); Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Worthington v. Wilson, 8 F.3d 1253, 1257 (7th Cir. 1993); Garrett v. Fleming, 362 F.3d 692, 696 (10th Cir. 2004); Wayne v. Jarvis, 197 F.3d 1098, 1103 (11th Cir. 1999).  But see Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 200-01 (3d Cir. 2001); Goodman v. PraxAir, Inc., 494 F.3d 458, 470-73 (4th Cir. 2007).  These courts have found that the "plaintiff's lack of knowledge as to the intended defendant's identity is not a mistake concerning the identity of a proper party within the meaning of Rule [15(c)(1)(C)]."  Garrett, 362 F.3d at 696 (internal quotation omitted).

In Broner v. Flynn, 311 F. Supp. 2d 227 (D. Mass. 2004), the plaintiff brought a civil rights action under 42 U.S.C. § 1983 against the Sheriff of Worcester County and unnamed employees of the Worcester County Jail and House of Corrections for violation of his Eighth and Fourteenth Amendment rights as a result of injuries he sustained during an assault on another inmate.  Id. at 229.  The plaintiff moved for leave to file a third amended complaint adding individually named correctional officers in place of John Doe defendants.  Id. at 235.  The three-year limitations period applicable to the plaintiff's claims against these John Doe defendants expired nearly eleven months before he filed his motion to amend.  Id.  Judge Swartwood, while recognizing that the First Circuit had yet to rule definitively on the issue, held that he was constrained, due to the overwhelming number of circuit courts of appeal that have so held, to

4

"find that Rule 15(c)'s relation back provisions do not apply where a plaintiff seeks to amend a complaint to identify 'John Doe' defendants."  Id. at 237; see also Ferreira v. City of Pawtucket, 365 F. Supp. 2d 215, 217 (D.R.I. 2004) (holding that because "the naming of 'John Doe' defendants is not an error, but rather results from a plaintiff's lack of knowledge as to the identity of the proper party at the time of filing, amendments identifying such defendants cannot relate back under [Rule 15(c)]").  Because the claims against the named corrections officers were barred by the applicable statute of limitations, amendment of the complaint would be futile.  Id.

I find the reasoning of Judge Swartwood persuasive and agree with the bulk of authority that amendments identifying a John Doe defendant do not relate back under Rule 15(c)(1)(C). Because Thompson's amendment seeks to identify Correctional Officer Beckman as the "John Doe" defendant it is not subject to Rule 15(c)(1)(C) and cannot relate back to the original date of filing.  Since the statute of limitations expired before Thompson filed his motion, Thompson's proposed amendment is futile and must be denied unless the doctrine of equitable tolling applies.

B.      Equitable Tolling

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."  Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995) (citing Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 428 (1965)).  In Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984), the Supreme Court described the types of cases where courts have applied equitable tolling:

> [where] a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she had done everything required of her; [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

This is a case in which the court's actions have led Thompson to believe that he has done everything required of him to maintain his action against the John Doe defendant.  Thompson moved on two occasions to compel the defendants to provide him with the name of the John Doe defendant.  The Court denied both motions without prejudice.  The Court clearly imparted to Thompson that the appropriate avenue for determining the identity of the John Doe defendant was through the discovery process.  Discovery has yet to close.  It is clear that Thompson diligently pursued his claims against the John Doe defendant and if the Court had granted his earlier motions to compel, the statute of limitations would not be at issue here.[1]  See Baldwin Cnty. Welcome Ctr., 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").  Equity requires that the statute of limitations be tolled so as to allow Thompson to proceed against Correctional Officer Beckman.

III.    CONCLUSION

For the foregoing reasons, Thompson's Motion is ALLOWED.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[1] I do not mean to imply that the Court was incorrect in its prior decisions.  Clearly the motions to compel were premature.  However, due to the extended time period between the filing of the case and the beginning of the discovery period, the statute of limitations worked to deprive Thompson of a claim that he was diligently pursuing.