UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WAYNE THOMPSON,<br>    Plaintiff,<br><br>  v.<br><br>GUY GLODIS, et al.,<br>    Defendants. | CIVIL ACTION<br>NO. 10-40126-TSH |

## ORDER

**November 4, 2013**

Hennessy, M.J.

On October 2, 2013, the undersigned granted *pro se* Plaintiff Wayne Thompson's motion to amend his Complaint to name an individual whose identity was unknown to him at the time he filed his original Complaint and his Amended Complaint and, therefore, was referred to as "John Doe" in the pleadings. (Docket #92). Correctional Officer Beckman was substituted in place of "John Doe." (Id.). On October 31, 2013, the U.S. Marshal filed a process receipt and return indicating that he was unable to serve Beckman because he was no longer employed by the Worcester County Sheriff's Office. (Docket #99).

II. DISCUSSION

"At the plaintiff's request, the court may order that service be made by a United States marshal[.]" Fed. R. Civ. P. 4(c)(3). However, in order to execute service, the marshal will need more information than Plaintiff is capable of providing. Defendant Beckman no longer works at the Worcester County Sheriff's Office and Plaintiff has no reasonable way of otherwise serving

him with process.  See Richardson v. Johnson, 58 F.3d 734, 739-40 (11th Cir. 2010) ("It is unreasonable to expect incarcerated and unrepresented prisoner-litigants to provide the current addresses of prison-guard defendants who no longer work at the prison."); Fed. R. Civ. P. 4(e); Mass. R. Civ. P. 4(d)(1).  Under the circumstances, the only practical method of serving Defendant Beckman is for the U.S. Marshals Service to deliver the summons to his last known home address.  Mass. R. Civ. P. 4(d)(1).  However, under Mass. Gen. Laws ch. 66, § 10 and ch. 4, § 7 cl. 26(o), Defendant Beckman's home address is not subject to public disclosure.

With this framework in mind, the Court shall seek to balance the two competing interests in prisoner litigation – the security risks involved in informing prisoners of the home addresses of former or current guards, and the ability of prisoners to have access to the necessary information to pursue their claims in court.  See Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990).  Accordingly, the Court directs the Worcester County Sheriff's Office to submit to the Court, *ex parte* and under seal, the last known home address of Defendant Beckman.  The Court will complete the service forms and will provide them, along with copies of the Amended Complaint, directly to the U.S. marshal.

III.   CONCLUSION

For the foregoing reasons,

1. The period for service of process is extended until 60 days from the date of this Order;

2. Within 21 days of the date of this Order, the Worcester County Sheriff's Office shall submit, *ex parte* and under seal, the last known address at which Defendant Beckman may be personally served;

3. Upon the submission by the Worcester County Sheriff's Office of Defendant Beckman's last known address, the Clerk shall issue summons as to Defendant Beckman and shall arrange for service by the United States marshal who shall file a return receipt of service without disclosing the address.  The Clerk shall provide a copy of this Order to the U.S. marshal, and shall otherwise communicate directly with the U.S. marshal to ensure that Defendant Beckman's address is not publicly disclosed.

>/S/ David H. Hennessy
>David H. Hennessy
>UNITED STATES MAGISTRATE JUDGE