**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| WAYNE THOMPSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WORCESTER COUNTY )<br>DISTRICT ATTORNEY )<br>JOSEPH D. EARLY, et al, )<br>)<br>Defendants. )<br>) | **CIVIL ACTION**<br>**NO. 10-40126-TSH** |

**ORDER ON DEFENDANT JOSEPH D. EARLY'S MOTION FOR ENTRY OF**
**JUDGMENT UNDER RULE 54(b) (Docket No. 74)**
**January 6, 2013**

HILLMAN, D.J.

Plaintiff Wayne Thompson ("Plaintiff") brought an action against Defendant Joseph D. Early ("Early") and others alleging that Massachusetts prison and state officials conspired to injure him and deny him medical treatment while he was incarcerated at the Worcester County Sheriff's Office. Early moved to dismiss the action against him, arguing he was protected by prosecutorial immunity. This Court (Saylor, J.) granted Early's motion to dismiss (docket no. 30), noting that Plaintiff's argument against dismissal was "without merit." Early now asks this Court to enter a separate and final judgment in favor of Early pursuant to Massachusetts Rule of Civil Procedure 54(b).

Massachusetts Rule of Civil Procedure 54(b) permits a court to "direct the entry of a final judgment as to one or more but fewer than all of the…parties only upon an express determination that there is no just reason for delay and upon and express direction for the entry of judgment."

Generally, this rule is invoked by the litigant against whom a motion is decided so that litigant can immediately pursue an appeal of the unfavorable decision. *See, e.g. Shamley v. ITT Corp.*, 869 F.2d 167, 170 (2d Cir. 1989) ("The ordinary purpose of Rule 54(b) is to permit the party aggrieved by a partial determination to appeal immediately.").[1] Here, the entry of judgment is requested by Early, the party whose motions to dismiss was granted, and opposed by Plaintiff, the aggrieved party.

Courts have consistently noted that there is "a long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trustees of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988); *see, e.g., Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012); *Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 317 (1st Cir. 2009); *Pahlavi v. Palandjian*, 744 F.2d 902, 903 (1st Cir.1984); *Makuc v. American Honda Motor Co.*, 692 F.2d 172, 173 (1st Cir.1982). Accordingly, the entry of judgment under rule 54(b) "should not be indulged in as a matter of routine or as a magnanimous accommodation to lawyers or litigants," but should be applied sparingly only when the Court has determined that the ruling in the question is final and there is no just reason for delay. *Spiegel*, 843 F.2d at 42-43; Mass.R.Civ.P. 54(b).

The ruling in this case is undoubtedly final, as it fully disposes of every substantive claim against Early. *See Consol. Rail Corp. v. Fore River Ry. Co.*, 861 F.2d 322, 325 (1st Cir. 1988) (noting that a judgment is final when "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action"). The question, then, is whether there is just reason for delay. When making this determination, the court acts as a "dispatcher," deciding which final decision should be appealable immediately, keeping in mind the policy against fragmentation of litigation. *Spiegel*, 843 F.2d at 42-43. In his motion, Early merely states that there is no just

---

[1] Massachusetts Courts have held that "federal decisions are sources of precedent with respect to issues under our rule 54(b) because that rule 'was taken verbatim from Fed.R.Civ.P. 54(b),'" *Long v. Wickett*, 50 Mass. App. Ct. 380, 385 n. 6 (2000) (quoting *J.B.L. Constr. Co. v. Lincoln Homes Corp.*, 9 Mass.App.Ct. 250, 252 (1980)).

reason for delay; he puts forth no arguments as to why judgment under Rule 54(b), which "is a special dispensation," should be entered in this case, nor does this Court see any. *Long v. Wickett*, 50 Mass. App. Ct. 380, 389 (2000); *see also Spiegal*, 843 F.2d at 46 ("Rule 54(b) was not meant…to be employed in the absence of sufficiently compelling circumstances.").

This case presents no compelling reason judgment under Rule 54(b) should enter—the aggrieved party is not seeking an immediate appeal and in fact opposes the entry of judgment—while the longstanding policy against "the scattershot disposition of litigation" weighs against it. As such, this Court finds there is just reason for delay, and Early's motion for entry of judgment under Rule 54(b) is ***denied.***

SO ORDERED.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**